THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| **CONSTANTINO CUARA RODRIGUEZ,**<br><br>Plaintiff,<br><br>v.<br><br>**VERIZON'S; JEFFERSON CAPITAL SYSTEM; and SYNCHRONY BANK,**<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:23-cv-00439-DBB-JCB<br><br>District Judge David Barlow<br><br>Magistrate Judge Jared C. Bennett |

This case was referred to Magistrate Judge Jared C. Bennett under 28 U.S.C. § 636(b)(1)(B).[1] Before the court is pro se Plaintiff Constantino Cuara Rodriguez's ("Mr. Rodriguez") complaint.[2] Mr. Rodriguez has been permitted to proceed in forma pauperis under 28 U.S.C. § 1915 ("IFP Statute").[3] Accordingly, the court reviews the sufficiency of Mr. Rodriguez's complaint under the authority of the IFP Statute. As shown below, the court recommends that District Judge David Barlow dismiss this action with prejudice.

### BACKGROUND

Mr. Rodriguez's complaint contains a host of unclear accusations against "Verizon's," "Jefferson Capital System," and "Synchrony Bank" (collectively, "Defendants").[4] These include

---

[1] ECF No. 6.

[2] ECF No. 4.

[3] ECF No. 3.

[4] ECF No. 4.

causes of action for 18 U.S.C. § 1343 "wire fraud," Utah Code Ann. § 76-8-502 "perjury," 18 U.S.C. § 1031 "major fraud against the United States of America," 18 U.S.C. § 1030 "fraud of computers" 18 U.S.C. § 2-239 "pyr[a]mid scheme promotional scheme," 18 U.S.C. § 1348 "securities and commodities fraud," and "RICO charges."[5] Mr. Rodriguez indicates that the basis for his suit is 42 U.S.C. §§ 1983 and 1985.[6] Mr. Rodriguez's complaint contains the following allegations in support of his claims:

> I'm the owner of all trademarks hered[i]tary of United States of America and global network under sha [sic] "256" fingerprint secret seal USA, malicious and malpractice 18 U.S.C. 1343 WIRE FRAUD. Bank fraud 18 U.S.C. section 1343, judgment against me false[.][7]

Mr. Rodriguez states that Defendants' alleged conduct has resulted in the following injuries: "mental diseases, damage to my properties, damage to 'WE US OUR,' COVID 19."[8]

## LEGAL STANDARDS

To review Mr. Rodriguez's complaint under the authority of the IFP Statute, the court must consider two legal standards. First, the court considers the law pertaining to failure to state a claim on which relief can be granted under Fed. R. Civ. P. 12(b)(6). Second, the court considers the legal standards relating to frivolous claims. Each legal standard is set forth below.

---

[5] ECF No. 4 at 4-5.

[6] ECF No. 4 at 1.

[7] ECF No. 4 at 3.

[8] ECF No. 4 at 5.

I.  **Failure to State a Claim**

Whenever the court authorizes a party to proceed without payment of fees under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."[9] In determining whether a complaint fails to state a claim for relief under the IFP Statute, the court employs the same standard used for analyzing motions to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).[10] Under that standard, the court "look[s] for plausibility in the[e] complaint."[11] More specifically, the court "look[s] to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. Rather than adjudging whether a claim is 'improbable' '[f]actual allegations [in a complaint] must be enough to raise a right to relief above the speculative level.'"[12]

Additionally, Fed. R. Civ. P. 8 is incorporated into the court's Rule 12(b)(6) analysis.[13] Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[14] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint

---

[9] 28 U.S.C. § 1915(e)(2)(B)(ii).

[10] *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

[11] *Id.* at 1218 (quotations and citations omitted) (second alteration in original).

[12] *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)) (other quotations and citation omitted) (second and third alterations in original).

[13] *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1171 (10th Cir. 2010).

[14] Fed. R. Civ. P. 8(a)(2).

suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[15] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."[16] Rule 8 requires, at least, that the allegations of a complaint but the defendant fairly on notice of the claims against him.[17] The twin purposes of a complaint are to give the opposing party fair notice of the basis for the claims against him so that he may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.[18]

In analyzing Mr. Rodriguez's complaint, the court is mindful that he is proceeding pro se and that "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[19] However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant,"[20] and the court "will not supply additional facts, nor will [it] construct a legal theory for [a pro se] plaintiff that assumes facts that have not been pleaded."[21] Indeed, as the Court of Appeals for the Tenth Circuit stated,

> The broad reading of [a pro se] plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based. This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his

---

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555, 557) (alteration in original).

[16] *Id.*

[17] *Twombly*, 550 U.S. at 555.

[18] *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n of Kan.*, 891 F.2d 1473, 1480 (10th Cir. 1989).

[19] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also, e.g.*, *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[20] *Bellmon*, 935 F.2d at 1110 (citations omitted).

[21] *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam).

> alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted. Moreover, in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations. [22]

After reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that the plaintiff cannot prevail on the facts he has alleged[,] and it would be futile to give him an opportunity to amend."[23]

## II. Frivolousness

The IFP Statute also permits the court to dismiss a plaintiff's complaint if its allegations are frivolous.[24] As to frivolousness under the IFP Statute, the United States Supreme Court has stated that "a complaint . . . is frivolous where it lacks an arguable basis either in law or in fact. . . . [The IFP Statute]'s term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."[25] In fact, the Court said that the IFP Statute

> accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit . . . and claims of infringement of a legal interest which clearly does not exist . . . . Examples of the latter class are claims describing fantastic or delusional scenarios . . . .[26]

---

[22] *Bellmon*, 935 F.2d at 1110 (citations omitted).

[23] *Kay*, 500 F.3d at 1217 (quotations and citation omitted).

[24] 28 U.S.C. § 1915(e)(2)(B)(i) (providing that under the IFP Statute, the court is required to "dismiss the case at any time if the court determines that . . . the action . . . is frivolous").

[25] *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[26] *Id.* at 327-28; *see also Bellmon*, 935 F.2d at 1108-10.

ANALYSIS

Mr. Rodriguez's complaint should be dismissed because it: (I) fails to state claims upon which relief can be granted and (II) is frivolous. Each reason for recommending dismissal of the complaint is addressed in order below.

**I.  Mr. Rodriguez's Complaint Fails to State Claims Upon Which Relief Can Be Granted.**

Mr. Rodriguez's complaint fails to state claims upon which relief can be granted because Mr. Rodriguez fails to satisfy the minimum pleading standards under Rule 8(a)(2) and Rule 12(b)(6), and his claims under 42 U.S.C. §§ 1983 and 1985 legally fail. The court addresses each deficiency in turn.

All the factual allegations in Mr. Rodriguez's complaint are conclusory in nature and, therefore, fail to satisfy the minimum pleading standards under Rule 8(a)(2) and Rule 12(b)(6). Mr. Rodriguez fails to make any specific, intelligible allegations about Defendants' alleged actions and, instead, lists a series of federal criminal statutes and one state criminal statute devoid of any factual support or enhancement. Thus, for this reason alone, Mr. Rodriguez's claims should be dismissed.

However, even if factually supported, Mr. Rodriguez's claims under 42 U.S.C. §§ 1983 and 1985 still fail as a matter of law for two reasons. First, Mr. Rodriguez fails to allege a "deprivation of a federal right by . . . a person acting under color of state law" as required to state

a claim under section 1983.[27] Mr. Rodriguez also fails to allege any conspiracy to interfere with civil rights under section 1985.[28]

Second, all but two of the various criminal statutes that Mr. Rodriguez cites do not provide cognizable claims for relief in a civil action.[29] While 18 U.S.C. §§ 1030 and 1031 allow private civil actions in certain circumstances,[30] Mr. Rodriguez's complaint lacks any allegations to which these statutes would apply nor does he plead any facts demonstrating that he has standing to bring a claim under these statutes. Therefore, Mr. Rodriguez fails to state a claim under the statutes referenced in the complaint, or any other recognized cause of action.

## II. Mr. Rodriguez's Complaint is Frivolous

Mr. Rodriguez's complaint is clearly frivolous. As noted above, the IFP Statute's term "frivolous" includes complaints that contain "fanciful factual allegation[s]"[31] that "rise to the

---

[27] *Watson v. Kan. City*, 857 F.2d 690, 694 (10th Cir. 1988).

[28] 42 U.S.C. § 1985; *Archuleta v. City of Roswell*, 898 F. Supp. 2d 1240, 1247 (D.N.M. 2012).

[29] *Heath v. Root9B*, No. 18-cv-01516-RBJ-KMT, 2019 WL 1045668, at *6 (D. Colo. Mar. 4, 2019) (unpublished) ("18 U.S.C. § 1348 is a criminal statute without a private right of action."); *Hunter v. Hirsig*, No. 14-CV-0089-F, 2015 WL 10876919, at *6 (D. Wyo. Oct. 20, 2015) (unpublished) ("18 U.S.C. § 1343 . . . is a criminal statue with no private right of action."); *Cline v. State*, 2005 UT App 498, ¶ 29, 142 P.3d 127, 137 (holding the Utah Code provides criminal penalties for perjury but no private right of action), *cert. denied*, 133 P.3d 437 (Utah 2006).

[30] 18 U.S.C. § 1030(g) ("Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief."); 18 U.S.C. § 1031(h) ("Any individual who—(1) is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by an employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of a prosecution under this section (including investigation for, initiation of, testimony for, or assistance in such prosecution), and (2) was not a participant in the unlawful activity that is the subject of said prosecution, may, in a civil action, obtain all relief necessary to make such individual whole.").

[31] *Neitzke*, 490 U.S. at 325.

level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them."[32] The term "frivolous" also includes complaints containing "claims of infringement of a legal interest which clearly does not exist."[33] Mr. Rodriguez's complaint falls squarely within those two categories because it is based entirely on his assertion that he is "the owner of all trademarks hered[i]tary of United States of America and global network under sha [sic] '256' fingerprint, secret seal USA, malicious and malpractice."[34] This is fantastically unintelligible. Therefore, Mr. Rodriguez's complaint should be dismissed as frivolous under the IFP Statute.

**III.     Granting Mr. Rodriguez an Opportunity to Amend His Complaint Would Be Futile.**

As stated above, after reviewing a pro se plaintiff's complaint under the IFP Statute, the court may dismiss the complaint for failure to state a claim "only where it is obvious that he cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend."[35] Providing Mr. Rodriguez with an opportunity to amend his complaint would be futile because, given the analysis set forth above, Mr. Rodriguez could not provide any additional, plausible allegations that would save any of his claims from dismissal. Therefore, the court recommends that Mr. Rodriguez's complaint be dismissed with prejudice.

---

[32] *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

[33] *Neitzke*, 490 U.S. at 327.

[34] ECF No. 4 at 3.

[35] *Kay,* 500 F.3d at 1217 (quotations and citation omitted).

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing analysis, the court HEREBY RECOMMENDS that this action be DISMISSED WITH PREJUDICE. Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[36] The parties must file any objections to this Report and Recommendation within 14 days after being served with a copy of it.[37] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 30th day of August 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[36] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).

[37] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).